THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO CASTILLO, Appellant.

First Department, April 17, 1962.

*Irving Rodin* for appellant.

*Irving Lang* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* The principal question presented on this appeal relates to alleged improper remarks made by the prosecutor in summation. Proof of the guilt of defendant is overwhelming but we recognize the pronouncement of our highest court that it has "refused ' to announce a doctrine that the fundamentals of fair trial need not be respected if there is proof in the record to persuade us of defendant's guilt.' " (*People* v. *Steinhardt,* 9 N Y 2d 267, 269.)

The defendant was charged with selling narcotics to an undercover member of the Police Department. The proof presented an issue of credibility between defendant and the officer, who were the only testifying witnesses to the transaction. The officer related in detail an alleged sale by a 16-year-old boy acting under the instruction and in the presence of the defendant. The latter categorically denied that he had ever sold narcotics. Moreover, upon direct examination he testified that he had never been convicted of a crime or arrested except that " they charged me with vagrancy because they believed that I was not working ". Upon cross-examination, however, he reluctantly admitted after denials, evasions and equivocations that " under a different name " he had been arrested in Puerto Rico for gambling, assault and battery, carrying a concealed weapon, and rape.

Thus, when the time arrived for summations the focal point was the credibility, or lack thereof, of these two witnesses. The summation of defense counsel should not be ignored. There was reference therein to " sloppy police work " and the police officer was portrayed as one " in a very embarrassing fix, after having made this purchase of narcotics, if he was unable to find somebody who he claimed was involved with it." The jury was importuned not to permit one police officer " to make an accusation such as this." The officer was described as one who did not make arrests but an undercover worker whose " duty is to pose as a junkey and to buy narcotics." It was emphasized that " all we have is (the) naked word " of the officer and " his memory was very frail on other events."

It was in reply to these and similar remarks that the Assistant District Attorney made the statements set forth in the dissenting opinion. We recognize the rule that a prosecutor may not make himself an unsworn witness and support his case by his own veracity and position (*People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Jackson,* 7 N Y 2d 142), but even in such a case the " remarks to the jury must be considered in their relationship to the summation by the attorney for the defendant which had just been finished." (*People* v. *Marks,* 6 N Y 2d 67, 77; see, also, *People* v. *Broady,* 5 N Y 2d 500, 515.)

We do not understand that any claim is made that the questioned statements violated this legal principle. The issue is whether the remarks of the prosecutor, when considered in the light of the defense summation, deprived appellant of a fair trial. We think not. When read as a whole the summation of defense counsel, at least by insinuation and intimation, pictured the officer as a questionable character who never made arrests but spent his time posing as an addict and buying narcotics. Finally it was said that the Police Department had men well experienced in detecting and combating crime, but intimated that the witness was not one of them. The jury was importuned not to permit in this country the practice of totalitarian governments, " Where people are convicted and imprisoned on accusations of one individual."

We view all of this as a severe attack upon both the credibility and character of the policeman. We readily agree that the remarks of the prosecutor could and should have been couched in more moderate language, but conclude that they were not so prejudicial that a new trial is required (Code Crim. Pro., § 542).

We further conclude that testimony concerning the wire hanger and stocking did not substantially affect the rights of appellant. The episode was brought about when the defense elicited from one of the arresting officers that a search of defendant's apartment revealed no narcotics. Having brought out this fact favorable to the defendant the latter may not complain because it subsequently developed that articles were found that were unfavorable to the defense.

The judgment should be affirmed.

STEVENS, J. (dissenting). I dissent, vote to reverse and order a new trial.

This defendant was indicted, charged with the crimes of feloniously selling a narcotic drug, feloniously possessing a narcotic drug with intent to sell, and unlawfully possessing a narcotic drug. The indictment arose out of a transaction which occurred December 20, 1960, and there was evidence sufficient to sustain the verdict of guilty of the crime of feloniously selling a narcotic drug. However the defendant did not receive a fair trial.

Identification was an important and closely contested issue.

The Assistant District Attorney, who also argued this appeal, in summation stated: " The issue in this case is very important, but it is a relatively simple issue: Is Detective Schiano a liar, or is he truthful? If he is telling the truth, then it is your sworn obligation to convict. If he is a liar, then you must acquit. By

your verdict you will judge whether Detective Schiano is an honest, faithful, courageous public servant, or whether he is a perjurer and a cheat who does not belong on the police force or does not belong in any public service."

On appeal the People contend the above was justified because defense counsel in his summation put the character of Detective Schiano in issue. This contention is not sustained by a reading of the defense summation which, in this aspect, dealt with the question of identification and the possibility of error in the identification.

The defendant is entitled to a fair trial and the issue in this case was the guilt or innocence of the defendant, and not, as the jury was advised, then and later, when they were informed " [i]f by your verdict you brand him [Detective Schiano] as a perjurer and a liar, Detective Schiano will not walk the streets peddling drugs." The hard choice given the jury and the unfairness was compounded when the court, in overruling an objection following the words " [i]f by your verdict you brand him as a perjurer ", observed " [i]t's a proper inference." The defendant had no prior record of conviction of crime. Therefore, there was no basis for the implication made by the District Attorney in his summation that the defendant was a drug peddler and if released would continue to peddle drugs.

While the courts have condemned those instances where a District Attorney places " his own veracity and official position " in the scales against the accused (*People* v. *Lovello*, 1 N Y 2d 436; *People* v. *Jackson*, 7 N Y 2d 142), it would seem a like limitation should exist where, as here, a fair reading of the defense summation does not support the People's contention that the character of the witness Schiano had been put in issue.

On direct examination by the People of Detective Morgan, the arresting officer, he was asked:

Q. Did you search the apartment? A. Yes, we gave it a search.
Q. Did you find anything? A. Yes.

Whereupon on cross-examination these questions were asked:

Q. Now, when you went to the premises, the furnished room at 191 East 7th Street, you searched that apartment? A. Yes, I did.
Q. Did you find any narcotics in that apartment? A. I did not find any narcotics in that apartment.

Thereafter, on redirect, the following occurred:

Q. Did you find anything *relating* to narcotics in that apartment? [Emphasis added.] A. Yes, I did.
Q. What did you find, Officer? A. I found an instrument which I know to be used in the — that type instrument to be used in the cutting of narcotics.

An objection thereto was improperly overruled on the ground that defendant had opened the door by asking the question "Did you find any narcotics?" Additionally, it might be observed that the only testimony by the witness as to his experience in narcotics had been in answer to this question:

Q. How long have you been in the Narcotic Bureau? A. Approximately two years.

The answer was not responsive, nor had the witness at that point been properly qualified as an expert to express an opinion, or even shown to be possessed of sufficient knowledge on the subject, to classify the alleged instrument. It should be noted that the "instrument" was not otherwise identified by his testimony.

The District Attorney, on cross-examination of the defendant, supplied this deficiency:

Q. Four detectives. And didn't they find in there a wire-hanger with a silk stocking stretched over it, which you used for the cutting of narcotic drugs?

An objection thereto was overruled, though the question was more an assertion than an interrogation. That question in the form asked was never answered. The District Attorney then observed: " [i]n addition to which, the possession itself would be an immoral act, Your Honor, which I could go into."

Q. Do you recall Detective Morgan finding a wire hanger with a silk stocking stretched over each side? A. Yes, in the closet.
Q. And that was yours, wasn't it? A. No.
Q. Didn't you tell Detective Morgan "I was careless to leave it there, but it's clean"? A. No.

There was no testimony that this wire hanger was the instrument referred to by Detective Morgan in his testimony, nor that it in fact was used for the cutting of heroin.

However, on summation the People stated " it was brought out that they found an instrument for the cutting of heroin." And in the charge the court, referring to Detective Morgan, stated " He said he did not find narcotics in the apartment but he found some hanger with a silk stocking on it which either he or someone said was used in the cutting of heroin." If the court could be misled by the substance of a question asked by the District Attorney, it was doubly easy for a jury, which by its question was apparently troubled somewhat by identification, to be confused. Considering the summation, a portion of the interrogation, and comments by the Assistant District Attorney at various stages of the trial, not all of which are adverted to, it is my view that this defendant did not receive a fair trial.

Our courts have said if the errors could have influenced the verdict or misled the jury the errors may not be deemed technical (*People* v. *Mleczko,* 298 N. Y. 153, 162). And as long ago as

1899, the court, in reference to the duty of a prosecutor stated: " [L]anguage which might be permitted to counsel in summing up in a civil action cannot with propriety be used by a public prosecutor, who is a *quasi*-judicial officer, representing the People of the state, and presumed to act impartially in the interest only of justice. If he lays aside the impartiality that should characterize his official action to become a heated partisan, and by vituperation of the prisoner and appeals to prejudice seeks to procure a conviction at all hazards, he ceases to properly represent the public interest, which demands no victim, and asks no conviction through the aid of passion, sympathy or resentment." (*People* v. *Fielding,* 158 N. Y. 542, 547.)

It cannot be said in light of this record and the nature of the proof that the errors did not substantially affect the rights of the defendant. A new trial should be granted in the interests of justice as well. (Cf. *People* v. *Jackson,* 7 N Y 2d 142; *People* v. *Steinhardt,* 9 N Y 2d 267.)

McNALLY, STEUER and BASTOW, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents in opinion in which VALENTE, J. P., concurs.

Judgment of conviction affirmed.